UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RHONDA BUCHANAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 04-00978 AJW<br><br>ORDER AWARDING ATTORNEYS'<br>FEES UNDER THE EQUAL ACCESS<br>TO JUSTICE ACT<br>28 U.S.C. § 2412 |

    Before the court is plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $3,638.27 ("EAJA Motion"). Defendant filed an opposition to the motion ("Opposition"), and plaintiff filed a reply.

**Proceedings**

    Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits. On September 29, 2004, judgment was entered remanding the case for "further proceedings for the purpose of determining the duration of plaintiff's disability and a corresponding award of benefits." [Memorandum of Decision 20]. Plaintiff seeks EAJA fees for 21 hours of attorney's time at the rate of $152.30 per hour and 4.5 hours of paralegal's time at the rate of $97.77 per hour. [EAJA Motion 4].

**Discussion**

Under the EAJA, a prevailing party will be awarded reasonable attorneys' fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). The government has the burden of proving that its position was substantially justified. Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

To meet that burden, the Commissioner must show that her position is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998)(quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The focus of the inquiry is whether "the particular position(s) taken by the Commissioner in the remand proceedings were substantially justified," and therefore a prevailing disability claimant is entitled to EAJA fees unless the Commissioner shows "that her position *with respect to the issue on which the court based its remand*" was substantially justified. Lewis v. Barnhart, 281 F.3d 1081, 1085 (9th Cir. 2002)(emphasis in original)(quoting Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995)).

Defendant opposes plaintiff's motion solely on the ground that her position was substantially justified. [Opposition 2-6].

**Substantial justification**

Defendant argues that her position in this case was substantially justified because she "reasonably argued that, based on the Ninth Circuit case law, the ALJ did not have to express reasons for rejecting the treating physician's opinion when the ALJ chose to rely on an examining physician's opinion which was based on independent clinical findings." [Opposition 3]. Defendant made precisely the same argument in her briefing on the merits of this case. The court went to some length to explain why that position cannot be reconciled with the weight of Ninth Circuit authority, despite pronouncements in some decisions that support it. [See Memorandum of Decision 3-7].

Defendant argues that her position regarding the "treating physician rule" was reasonable,

even if this court concluded that it was incorrect. That assertion is at too general a level to satisfy defendant's burden to show that her "particular position(s)" were reasonable with respect to the issue or issues on which the court "based its remand" order. Lewis, 281 F.3d at 1085. Although application of the "treating physician rule" was the controlling issue in the case, defendant's interpretation of Ninth Circuit law was largely beside the point. Defendant argued that the ALJ permissibly relied on the opinion of examining physicians Dr. Ganjianpour and Dr. Watkins because their opinions were based on independent clinical findings. As the court pointed out, however, the ALJ did not adopt Dr. Ganjianpour's opinion, and in so doing he failed to meet his burden to show that Dr. Ganjianpour's opinion provided a legally sufficient basis for rejecting the treating physician's opinion. [See Memorandum of Decision 19 n.9].

The ALJ, however, said he "relied heavily" on the opinion of another examining physician, Dr. Watkins, who, like plaintiff's treating physician, opined that plaintiff was "temporarily totally disabled" for purposes of her workers' compensation claim. This court concluded that the ALJ erred because he misinterpreted the significance of the "temporary total disability" rating assigned to plaintiff by her treating physician and Dr. Watkins. [See Memorandum of Decision 16-18]. For that reason, the ALJ's reliance on Dr. Watkin's opinion to reject the treating physician's opinion was misplaced, even under defendant's reading of the treating physician rule. [See Memorandum of Decision 15-19]. That error led to the remand order in this case, and defendant has not shown that her decision to defend that error on appeal was substantially justified. See Corbin, 149 F.3d at 1053. Therefore, plaintiff is entitled to EAJA fees.

Plaintiff has shown that an upward adjustment in the EAJA statutory rate from $125 per hour to $152.30 for attorney time is justified using increases in the Consumer Price Index for urban consumers. See Sorenson v. Mink, 239 F.3d 1140, 1148-49 (9th Cir. 2001). She also is entitled to recover fees for legal work performed by her attorney's paralegal at the rate at $97.77 per hour, rather than at the higher rate an attorney could recover for performing such services. See Krecioch v. United States, 316 F.3d 684, 687 (7th Cir. 2003)("Fees for work done

by paralegals can be awarded under the fee-shifting provision of the EAJA."); Cook v. Brown, 68 F.3d 447, 453 (Fed. Cir.1995) ("The Supreme Court, and lower courts, have approved the inclusion of fees for paralegals, law clerks, and law students, in fee awards under EAJA or analogous fee-shifting statutes, on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs.").

## Conclusion

Accordingly, plaintiff's motion for EAJA fees is **granted** in the amount of **three thousand, six hundred, thirty-eight dollars and twenty-seven cents ($3,638.27)** representing 21 hours of attorney time at the rate of $152.30 per hour and 4.5 hours of paralegal time at the rate of $97.77 per hour.

**IT IS SO ORDERED.**

DATED: October 25, 2005                              /S/

_____
ANDREW J. WISTRICH
United States Magistrate Judge